**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SUSAN CARSON,<br><br>                    Plaintiff,<br><br>- against -<br><br>DIZZY LIZZIE, LLC, ELIZABETH LIGHTON, and DOES 1 through 10,<br><br>                    Defendants. | Case No.: 24-CV- 6631<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Susan Carson ("Carson" or "Plaintiff"), by and through her undersigned attorneys, hereby prays for relief based on the following:

This case involves copyright infringement of multiple original works of art by an online retail outlet and its owner, among others.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that Defendant Dizzy Lizzie, LLC's principal place of business is in the Southern District of New York, Defendant Elizabeth Lighton's residence is in the Southern District of New York, and this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Carson is an individual resident of South Carolina.

5. Upon information and belief, Defendant Dizzy Lizzie, LLC ("DLL") is a limited liability company its principal place of business at 1324 Lexington Ave, Ste 266, New York, New York 10128. DLL is a fashion brand created by Elizabeth Lighton in or around 2006, which owns and operates a retail website offering garments for sale at https://dizzy-lizzie.com/ (the "Website").

6. Upon information and belief, Defendant Elizabeth Lighton ("Lighton") is an individual residing in New York, New York. On her Website, Lighton claims to be "an established NYC designer [with] decades of design experience ranging from managing a retail store front to owning and operating international brand British Khakis." Upon information and belief, Lighton created, owns, and operated DLL, and is personally responsible for selecting the designs for DLL's garments.

7. Carson is further informed and believes and thereon alleges that Lighton personally selects the designs which are sold on the Website. The Website features Lighton's likeness wearing the designs available on the Website.

8. Carson is informed and believes and thereon alleges that some of Defendants DOES 1 through 5, inclusive, are manufacturers and/or vendors of garments to named Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Carson's copyrighted designs (as hereinafter defined) without Carson's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-5, inclusive, are presently unknown to Carson, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

2

9. Defendants DOES 6 through 10, inclusive, are other parties not yet identified who have infringed Carson's copyrights, have contributed to the infringement of Carson's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants DOES 6 through 10, inclusive, are presently unknown to Carson, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10. Carson is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, subsidiary, parent organization, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Carson's rights and the damages to Carson proximately caused thereby.

## CLAIMS RELATED TO DESIGN VICTORIA PAISLEY

11. Prior to the conduct complained of herein, Carson composed an original two-dimensional artwork for purposes of textile printing. It allocated this design the name "Victoria Paisley" (hereinafter "Subject Design A"). This artwork was a creation of Carson, and is, and at all relevant times, was owned exclusively by Carson.

12. Carson applied for and received United States Copyright Registration No. VA 2-393-069 for Subject Design A.

13.     Prior to the acts complained of herein, Carson sampled and sold fabric bearing Subject Design A to numerous parties in the fashion and apparel industries. A true and correct copy of Subject Design A is presented below:



**SUBJECT DESIGN A**

"Victoria Paisley" VA0002393069

14.     Following this distribution of product bearing Subject Design A, Carson's investigation revealed that certain entities within the fashion and apparel industries had

misappropriated Subject Design A, and were selling garments bearing illegal reproductions and derivations of Subject Design A.

15. Carson is informed and believes and thereon alleges that, without Carson's authorization, DLL, Lighton, and certain DOE Defendants created, sold, manufactured, caused to be manufactured, distributed, and sold garments comprised of fabric featuring designs which are identical to or substantially similar to Subject Design A, including garments available for sale on Defendants' Website called "Cape Cod Tunic Bright Pink Paisley" ("Infringing Product 1") and "Chatham Dress Bright Pink Paisley" ("Infringing Product 2"). True and correct copies of Infringing Products 1 and 2 are presented below:



| **INFRINGING PRODUCT 1** | **INFRINGING PRODUCT 2** |

16. Carson is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Carson's rights and/or in blatant disregard for Carson's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

17. A comparison of Subject Design A and each non-exclusive exemplar of Defendants' infringing products, including Infringing Products 1 and 2, makes apparent that the elements, composition, arrangement, layout, and appearance of the designs are substantially similar, if not identical.

## **CLAIMS RELATED TO DESIGN PEARL LATTICE**

18. Prior to the conduct complained of herein, Carson composed an original two-dimensional artwork for purposes of textile printing. Carson named this design "Pearl Lattice" (hereinafter "Subject Design B"). This artwork was a creation of Carson, and is, and at all relevant times, was owned exclusively by Carson.

19. Carson applied for and received United States Copyright Registration No. VA 2-391-699 for Subject Design B.

20. Prior to the acts complained of herein, Carson sampled and sold fabric bearing Subject Design B to numerous parties in the fashion and apparel industries. A true and correct copy of Subject Design B is presented below:



21. Following this distribution of product bearing Subject Design B, Carson's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design B, and were selling garments bearing illegal reproductions and derivations of Subject Design B.

22. Carson is informed and believes and thereon alleges that, without Carson's authorization, DLL, Lighton, and certain DOE Defendants created, sold, manufactured, caused to be manufactured, distributed, and sold garments comprised of fabric featuring designs which are identical to or substantially similar to Subject Design B, including garments available for sale on Defendants' Website called "Rome Shirt Green Medallion" ("Infringing Product 3") and "Sag Harbor Dress Green Medallion" ("Infringing Product 4"). True and correct copies of Infringing Products 3 and 4 are presented below:

7

| INFRINGING PRODUCT 3 | INFRINGING PRODUCT 4 |
|---|---|
|  | |

23. Carson is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Carson's rights and/or in blatant disregard for Carson's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

24. A comparison of Subject Design B and each non-exclusive exemplar of Defendants' infringing products, including Infringing Products 3 and 4, makes apparent that the

8

elements, composition, arrangement, layout, and appearance of the designs are substantially similar, if not identical.

## **CLAIMS RELATED TO DESIGN I LIKE IKE**

25. Prior to the conduct complained of herein, Carson composed an original two-dimensional artwork for purposes of textile printing. Carson named this design "I LIKE IKE" (hereinafter "Subject Design C"). This artwork was a creation of Carson, and is, and at all relevant times, was owned exclusively by Carson.

26. Carson applied for and received United States Copyright Registration No. VA 2-391-947 for Subject Design C.

27. Prior to the acts complained of herein, Carson sampled and sold fabric bearing Subject Design C to numerous parties in the fashion and apparel industries. A true and correct copy of Subject Design C is presented below:



| **SUBJECT DESIGN C** |
|---|
| "I LIKE IKE" VA0002391947 |



28.     Following this distribution of product bearing Subject Design C, Carson's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design C, and were selling garments bearing illegal reproductions and derivations of Subject Design C.

29.     Carson is informed and believes and thereon alleges that, without Carson's authorization, DLL, Lighton, and certain DOE Defendants created, sold, manufactured, caused to be manufactured, distributed, and sold garments comprised of fabric featuring designs which are identical to or substantially similar to Subject Design C, including garments available for sale on Defendants' Website called "Rome Shirt Green Navy Grid" ("Infringing Product 5"). A true and correct copy of Infringing Product 5 is presented below:

| **INFRINGING PRODUCT 5** |
|---|
|  |

30.     Carson is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Carson's rights and/or in blatant disregard for Carson's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

31.     A comparison of Subject Design C and each non-exclusive exemplar of Defendants' infringing products, including Infringing Product 5, makes apparent that the elements, composition, arrangement, layout, and appearance of the designs are substantially similar, if not identical.

## CLAIMS RELATED TO DESIGN THE LIBRARY

32. Prior to the conduct complained of herein, Carson composed an original two-dimensional artwork for purposes of textile printing. Carson named this design "The Library" (hereinafter "Subject Design D"). This artwork was a creation of Carson, and is, and at all relevant times, was owned exclusively by Carson.

33. Carson applied for and received United States Copyright Registration No. VA 2-399-333 for Subject Design D.

34. Prior to the acts complained of herein, Carson sampled and sold fabric bearing Subject Design D to numerous parties in the fashion and apparel industries. A true and correct copy of Subject Design D is presented below:



**SUBJECT DESIGN D**

"The Library" VA0002399333



35. Following this distribution of product bearing Subject Design D, Carson's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design D, and were selling garments bearing illegal reproductions and derivations of Subject Design D.

36. Carson is informed and believes and thereon alleges that, without Carson's authorization, DLL, Lighton, and certain DOE Defendants created, sold, manufactured, caused to be manufactured, distributed, and sold garments comprised of fabric featuring designs which are identical to or substantially similar to Subject Design D, including garments available for sale on Defendants' Website called "Rome Shirt Book Club" ("Infringing Product 6"). A true and correct copy of Infringing Product 6 is presented below:

**INFRINGING PRODUCT 6**



37. Carson is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Carson's rights and/or in blatant disregard for Carson's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

38. A comparison of Subject Design D and each non-exclusive exemplar of Defendants' infringing products, including Infringing Product 6, makes apparent that the elements, composition, arrangement, layout, and appearance of the designs are substantially similar, if not

identical.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement – Against All Defendants

39. Carson repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

40. Carson is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design A, B, C, and D (collectively the "Subject Designs"), including, without limitation, through (a) access to Carson's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Carson's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Designs by Carson for her customers.

41. Carson is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Carson is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailer, which garments infringed the Subject Designs in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Designs, or were an illegal derivation or modification thereof.

42. Carson is informed and believes and thereon alleges that Defendants, and each of them, infringed Carson's copyright by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs, including without limitation Infringing Products

1, 2, 3, 4, 5, and 6, and by producing, distributing and/or selling garments which infringe the Subject Designs through a nationwide network of retail stores, catalogues, and through on-line websites.

43. Carson has notified DLL and Lighton that they have infringed Carson's copyrights. Despite being put on notice of their infringement, Defendants have continued to infringe Carson's copyright and have, in fact, sold new garments that also infringe Carson's copyrights.

44. Due to Defendants' acts of infringement, Carson has suffered substantial damages to her business in an amount to be established at trial.

45. Due to Defendants' acts of infringement, Carson has suffered general and special damages in an amount to be established at trial.

46. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Carson is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs in an amount to be established at trial.

47. Carson is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Carson will make her election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

**Vicarious and/or Contributory Copyright Infringement - Against All Defendants**

48. Carson repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

49. Carson is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Designs as alleged herein.

50. Carson is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

51. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Carson has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

52. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Carson is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs, in an amount to be established at trial.

53. Carson is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for

statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Carson will make her election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Carson prays for judgment as follows:

<u>Against all Defendants, and Each:</u>

54. With respect to Each Claim for relief:

   a. That Defendants, each of them, and their agents and employees be enjoined from infringing Carson's copyrights in any manner, specifically those for the Subject Designs;

   b. That Defendants, and each of them, account to Carson for their profits and any damages sustained by Carson arising from the foregoing acts of infringement, the exact sum to be proven at the time of trial;

   c. That Carson be awarded her attorneys' fees;

   d. That Carson be awarded pre-judgment interest as allowed by law;

   e. That Carson be awarded the costs of this action; and

   f. That Carson be awarded such further legal and equitable relief as the Court deems proper.

Carson demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Date: September 3, 2024                          By: /s/ Michael D. Steger
                                                 Michael D. Steger

                        msteger@steger-law.com
                        Megan J. Abner
                        mabner@steger-law.com
                        Law Offices of Michael D. Steger, PC
                        30 Ramland Road, Suite 201
                        Orangeburg, NY 10962
                        (845) 359-4600
                        (845) 638-2707
                        *Attorneys for Plaintiff*